UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

CPM CORPORATION LTD,

              Plaintiff,

- against -

BULK TRADE INTERNATIONAL and
WORLD WIDE SHIPPING LTD.

              Defendants.

------------------------------------------------------------X

08 CIV 4961

08 Civ.

ECF CASE

### VERIFIED COMPLAINT

Plaintiff, CPM CORPORATION LTD, (hereinafter referred to as "Plaintiff") through its attorneys, Lennon, Murphy & Lennon, LLC, as and for its Verified Complaint against the Defendants, BULK TRADE INTERNATIONAL (hereinafter referred to as "BTI") and WORLD WIDE SHIPPING LTD (hereinafter referred to as "WWS") alleges, upon information and belief, as follows:

1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333. Jurisdiction over this matter is also present pursuant to the Federal Arbitration Act, 9 United States Code § 1 *et seq.*, and this Court's federal question jurisdiction, 28 United States Code § 1331.

2.    At all times material to this action, Plaintiff was, and still is, a foreign corporation, or other business entity organized and existing under foreign law with a principal place of business in Shanghai, China.

3.    Upon information and belief, Defendant BULK TRADE INTERNATIONAL was, and still is, a foreign corporation, or other business entity organized and existing under foreign law with a principal place of business in Bangladesh.

4. Upon information and belief, Defendant WWS was, and still is, a foreign corporation, or other business entity organized and existing under foreign law.

5. By a charter party entered into on October 30, 2007 on the NYPE charter party form, Plaintiff, as disponent owner, chartered to Defendant BTI the M/V GRAND OCEAN 1 for a period of 4 months +/- 15 days. Plaintiff delivered the Vessel to BTI at 0148 hours on November 12, 2008 such that the earliest time for redelivery was 0148 hours on February 26, 2008. The hire rate under the charter party was $29,750.00 per day, *i.e.*, $29,006.25 net after brokerage commissions. *See charter party fixture recap attached as Exhibit 1.*

6. After completing discharge in Chittagong, Bangladesh of the first cargo carried under the charter party, BTI unjustifiably and illegally breached the charter party when it wrongfully cancelled on December 13, 2007, some 74.912 days too soon.

7. BTI left the Vessel in Chittagong. In an effort to mitigate damages, Plaintiff found other employment for the Vessel but at a lower hire rate, *i.e.*, a trip time charter for 20-30 days at $19,000 per day. The hire difference of about $10,000 per day reflected the market value for the Vessel at the time. Thus, Plaintiff suffered damages of $10,000 per day from the time of BTI's repudiation at 0355 hours on December 13, 2007 until the first substitute voyage completed at 1900 hours on January 12, 2008, a total of 30.63 days worth $306,300.

8. Thereafter, for the remaining 44.282 days of the original charter party period, the Vessel went into dry dock, remaining there until April 30, 2008. Plaintiff brought forward the dry docking in order to obtain improved returns sooner than if it had re-fixed the Vessel for the remaining period of the original charter, the market in January 2008 still being depressed at around $22,000 per day. However, the net hire available at the end of April 2008 was $24,375

2

per day. Plaintiff gives credit for these returns against the loss of $29,006.25 per day, giving a net loss of $4,631.25 per day or $205,081.01 over 44.282 days.

9. Thus, pursuant to Paragraphs 7 and 8 above, Plaintiff's principal losses arising from BTI's wrongful cancellation of the charter party total $511,381.01. Despite due demand, BTI has refused to pay to Plaintiff damages for the wrongful cancellation in the amount of $511,381.01.

10. Additionally, in breach of the charter party BTI has failed to pay Plaintiff outstanding hire in the amount of $84,408.33. *See Hire Statement and Invoice dated January 14, 2008 attached as Exhibit 2.*

11. Pursuant to the charter party, all disputes must to be submitted to arbitration in London with English Law to apply. Plaintiff has appointed its arbitrator and, thus, has commenced arbitration against BTI in London.

12. Interest, costs and attorneys' fees are routinely awarded to the prevailing party under English Law. As best as can now be estimated, Plaintiff expects to recover the following amounts in the London arbitration:

| | | |
|---|---|---|
| A. | Principal claim for wrongful cancellation: | $511,381.01; |
| B. | Principal claim for unpaid hire: | $84,408.33; |
| C. | Interest on principal claims at 7% compounded quarterly for three years: | $137,889.08; |
| D. | Attorneys' fees and costs of arbitration: | $220,000.00; |
| **Total:** | | **$953,678.42.** |

13. Defendant WWS is a receiving/paying agent of BTI such that WWS is now, or will soon be, holding assets belonging to BTI, or vice versa. In the course of the charter party between Plaintiff and BTI, WWS made three separate hire payments to Plaintiff notwithstanding

that WWS was not a party to the charter party and was under no legal obligation to Plaintiff to do so. Specifically, WWS paid hire to Plaintiff on behalf of BTI as follows: (1) $449,977.92 on November 16, 2007; (2) $245,352.92 on November 23, 2007; and (3) $5,475.00 on December 8, 2008. *See copy of WWS's Payment Remittances to Plaintiff attached as Exhibit 3.*

14. Upon information and belief, BTI uses WWS as a "paying/receiving agent" or "pass through" entity such that it can insulate itself from creditors relating to its contracts.

15. It is not general practice in the maritime community, nor anywhere else, for independent companies to make or receive large payments on behalf of other independent companies.

16. Payments sent or received on behalf of another independent company are suggestive of a relationship that is not "arm's length."

17. Upon information and belief, WWS sends payments and/or is directed to send payments on BTI's behalf where WWS has absolutely no contractual relationship and/or debt to BTI's creditors.

18. Alternatively, BTI and WWS are alter-egos because they co-mingle funds as described above and do not operate at arm's length such that WWS and BTI should be treated as the same entity. In this regard, WWS's function is to make payments on behalf of BTI for the sole purpose of frustrating BTI's creditors.

19. In the further alternative, Defendants BTI and WWS are partners and/or joint venturers.

20. In the further alternative, Defendants are affiliated companies such that WWS is now, or will soon be, holding assets belonging to BTI, or vice versa.

21. The Defendants cannot be found within this District within the meaning of

Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendants have, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of one or more garnishees which are believed to be due and owing to the Defendants. Should it later be discovered that WWS can be found within the District then it should be considered a garnishee such that any property it is holding for BTI would be subject to attachment.

22.     The Plaintiff seeks an order from this court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching, *inter alia*, any assets of the Defendants held by the aforesaid garnishee for the purpose of obtaining personal jurisdiction over the Defendants, and to secure the Plaintiff's claims as described above.

**WHEREFORE**, Plaintiff prays:

A.     That process in due form of law issue against the Defendants, citing them to appear and answer under oath all and singular the matters alleged in the Verified Complaint;

B.     That the Court retain jurisdiction to compel the Defendant BTI to arbitrate in accordance with the United States Arbitration Act, 9 U.S.C. § 1 *et seq.*;

C.     That since the Defendants cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all goods, chattels,

credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds held by any garnishee within the District which are due and owing to the Defendants, in the amount of $953,678.42 calculated to date to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

D. That this Court recognize and confirm any arbitration award(s) or judgment(s) rendered on the claims set forth herein as a Judgment of this Court.

E. That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof;

F. That this Court award Plaintiff its attorney's fees and costs of this action; and

G. That the Plaintiff have such other, further and different relief as the Court may deem just and proper.

Dated: May 28, 2008
New York, NY

The Plaintiff,
CPM CORPORATION LTD,

By: *Charles E. Murphy*
Charles E. Murphy (CM 2125)
LENNON, MURPHY & LENNON, LLC
The GrayBar Building
420 Lexington Ave., Suite 300
New York, NY 10170
(212) 490-6050 – phone
(212) 490-6070 – fax
cem@lenmur.com

6

## ATTORNEY'S VERIFICATION

State of New York   )
                    )   ss.:   New York City
County of New York  )

1. My name is Charles E. Murphy.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am an attorney in the firm of Lennon, Murphy & Lennon, LLC, attorneys for the Plaintiff.

4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7. I am authorized to make this Verification on behalf of the Plaintiff.

Dated:    May 28, 2008
          New York, NY

                                          _____
                                          Charles E. Murphy

# EXHIBIT 1

From:     "Collin Wu" <collin@cpmhk.com>
To:       "BTI-BANGLADESH" <bulk@dhaka.agni.com>
Sent:     30 October 2007 04:02
Attach:   btb grand ocean 1 CP.doc
Subject:  MV GRAND OCEAN 1 / BTI - CLEAN RECAP

To: BULK TRADE INTERNATIONAL - BANGLADESH

MR KHAN / Collin

tks for kind support, pls find flw clean recap.

- A/C BULK TRADE INTERNATIONAL - BANGLADESH.

- MV GRAND OCEAN 1:
VESSEL NAME: M/V: GRAND OCEAN -1
EX NAME : MV. WHITE OPAL
FLAG : PANAMA
TYPE : IMABARI TYPE, SELF TRIMMER SINGLE DECKER LOG BULKER, ENG/ BRIDGE AFT
BLT : 12/1977 IN JAPAN
DWT : 23,651 MT ON 9.95 M SSW DRFT
GRT/ NRT : 14490 / 8545 MT
SUEZ GRT/ NRT : 14403.25/ 12064.99 TS
CLASS : NKK
LOA / BEAM/ DEPTH : 159.83/ 24.64/ 13.62 MTRS
GRAIN/ BALE : 30425 / 29099 CBM - 1074468.05/ 1027653.79 CBFT
CUBIC BREAKDOWN :
NO.1) 211,353.92/ 200,930.34
NO.2) 288,627.02/ 275,131.75
NO.3) 288,783.82/ 275,253.93
NO 4) 285,703.29/ 276,337.76

VESSEL'S TPC: 32.82 MT.

DECKS : 1
HOLDS/ HATCHES : 4/4
NO : 17.6 X 11.2 MTRS / NO. 2-4 : 19.2 X 12.8 MTRS
MCGREGOR TYPE HYDRAULICALLY FOLDING HACOVERS
GEARS : 3X 15 MT CRANES AND 1 X 15 MT DERRICKS
SPEED : 11 KNOTS ON 22 MTS IFO (180 CST) + 2.5 TS MGO (S) 1.5 TS (I) 2.5 TS (W)

ABV SPEED CONSUMPTION BSS GOOD WEATHER CONDTN, NO ADVERSE CURRENT, NO NEGATIVE
INFLUENCE OF SWELL & NOT EXCEEDING BSF 4.
VSL BURNS MGO WHEN ENTERING / LEAVING PORTS AND MANOEUVRING AT SHALLOW / NARROW/

CONGESTED / CANAL/ RIVER WATER.

PANDI CLUB : THE SOUTH OF ENGLAND PROTECTION AND INDEMNITY ASSOCIATION ( BERMUDA )
LTD.,
LONDON
H'N'M INSURERS : THROUGH HEATH LAMBERT

ADA WOG

- DELIVERY DLOSP 1sp S.CHINA(int Fangcheng wog),ATDNSHINC.

- REDELY DLOSP ISP DLOSP WITHIN S'PORE/JAPAN RANGE or ECI PICO ATDNSHINC.

- LAYCAN 8-17 NOV' 2007
  (VSL'S ITINERARY: eta singapore/oct 30th, eta fangcheng/nov 4th, eta haifeng/ nov 6th, etr for delivery china port/nov 8th if agw, wp.)

- 4 MONTHS +/- 15 DAYS MOL CHOPT PERIOD TC.
  VIA SPS/SBS/SAS ALWAYS AFLOAT ALWAYS IWL WITH LAWFUL CGOS

- trading area:
CHINA / SOUTH KOREA / SOUTH EAST ASIA / INDIA / CHITTAGONG / SRILANKA / PAKISTAN / PERSIAN GULF
/ RED SEA / EAST AND SOUTH AFRICA / WEST AFRICA INCL LAGOS / BRAZIL / ARGENTINA / NORTH AFRICAN MED. NO YEMEN / MOGADISHU/ EL MAAN DISCHARGE UNLESS BUYERS / RECIEVERS APPROVED BY OWNERS.
To be included BANGLADESH PORT (CTG+MONGLA)
FOR WEST AFRICA TRADING, OWRS ARE NOT TO BE HELD RESPONSIBLE FOR ANY SHORTAGE /DAMAGE
CLAIMS, WITH ALL SUB CHRTRS, BUT LIMIT TO THE BAGGED CARGO ONLY.

- CARGO exclu:
ALL CARGOES LISTED IN APPENDIX B OF BC CODE, ALL FLAMMABLE, COMBUSTIBLE, INJURIOUS, CORROSIVE AND DANGEROUS GOODS AS DEFINED BY IMO, CALCIUM CARBIDE, CALCIUM HYDROCHLORITE, CALCIUM HYPOCHLORITE, WHEAT- FLOUR, RESINS, BOMBS, BONES, PREFAB-RICATED HOUSES+ MOBILE BUILDINGS, ORGANIC PEROXIDES, CREOSOTED GOODS, NAPHTA, ASPHALT
AND THEIR PRODUCTS IN BULK, ARMS, AMMUNITION, EXPLOSIVES INCLUDING BLASTING AND DETONATOR
CAPS, NUCLEAR PRODUCTS, NUCLEAR FUELS OR RADIO ACTIVE MATERIAL OR WASTE, RADIOACTIVE
PRODUCTS AND WASTE, MOTORBLOCKS SHAVINGS AND TURNINGS, SCRAP OF ANY KIND, PETROLEUM
OR ITS PRODUCTS INCLUDING MOTOR SPIRIT, HIDES, WET HIDES, COPRA AND/OR ITS PRODUCTS, SEED
CAKE IN ANY FORM, MANIOC AND/OR MANIOC PELLETS, BLACK POWDER, TURPENTINE, LIVESTOCK,
ACIDS, ASBESTOS IN ANY FORM, PRE REDUSED IRON ORE PELLETS, DRI PELLETS, DIRECTLY REDUCED
IRU /IRON ORE, BRIQUETTES, HBI, AMMONIUM NITRATE, NITRATE OF AMMONIA, POTASSIUM CHLORIDE,
BORAX, QUEBRACO EXTRACT, ANTHRACITE,
CAN DO SULPHUR / CEMENT / CLINKER, SUBJECT TO SHIP¡¯S DESCRIPTION

- HIRE US$ 29,750.00 PD PR IOT

- PAYABLE EVERY 15 DAYS IN ADVANCE. 1ST HIRE WITH COST OF
  BUNKER ON DELIVERY TO BE PAID W/I 3 BD AFTER DELIVERY OF
  VESSEL
  balance hire to be settled within 15 days after redly.

- OWNER TO CONFIRM THAT VESSEL HAVE SUFFICIENT BUNKER TO
  REACH NEXT AVAILABLE BUNKERING PORT AFTER COMPLETION OF
  LOADING AT SOUTH CHINA PORTS.
  BOD estimated: ifo/455mt, mgo/105mt.

- BUNKER ON DELIVERY ABT SAME ON RE-DELIVERY WITH 5 PCT VARIATION IS ACCEPTABLE.

- BUNKER PRICE: IFO USD 465 AND MGO: USD 720 PMT SAME BOTH

ON DELIVERY & RE-DELIVERY.

- CHOPT TO DEDUCT FROM LAST OR PENULTIMATE SIFFICIENT HIRE
  PAYMENT(S) ESTIMATED COST OF BOR

- ILOHC ON REDELY US$ 3500/- IN LUMPSUM INCL DUNNAGE DISPOSAL/
  REMOVAL

- INTERMEDIATE HOLDS CLEANING IF REQUIRED BY CHRT'S OWNERS
  TO DO SO. CHRT'S WILL PAY USD 400/- PER HOLD PER VOY

- CHRT'S OPTION TO ADD ANY OFF-HIRE PERIOD(S) TO THE ORIGINAL
  CHARTER PERIOD, which to be declared within 3 working days after off-hire completion.

- C/E/V US$ 1500 PMPR

- ALL BASIC INSURANCE PREMIUM ON VESSEL'S HULL AND AND MACHINERY OR WAGES/BONUS
  TO OFFICER'S / CREW SHALL BE FOR OWNER'S A/C, but AWRIP ON VESSEL'S HULL AND AND
  MACHINERY OR ADDITIONAL WAGES/BONUS TO be for chtrs acct.
  FOR THE INTENDED 1ST TRIP FROM CHINA PORT TO BANGLADESH PORT, whether AWRIP is necessary -
  - check and revert

- VESSEL'S HOLDS ON DELY TO BE CLEAN/WASHED DOWN BY FWATER AND
  DRIED ENOUGH ALSO FREE FROM RUST, PREVIOUS CARGO RESIDUES SO
  ASTO TO RECEIVE CHARTERER'S INTENDING CARGO IN ALL RESPECTS
  IF VSL FAILES HOLD INSPECTION, THE TIME FROM REJECTION UNTIL
  PASSING RE-INSPECTION TO BE PLACE OFF-HIRE.

- VSL'S HOLD/HATCH WILL INSPECT BY SHIPPER'S SURVEYOR.
  INCASE OF DISPUTE INDEPENDENT SURVEYOR MAY DEPORT WHOS
  FINDINGS AS FINAL AND BINDING TO CHRT'S &OWNER'S. COST
  AND TIME BE SHARED 50/50 BY THE CHRT'S & OWRS.

- OWNER TO ALLOW CHARTERERS TO DISCHARGE CARGO W/OUT ORIGINAL
  BS/L AGAINST CHARTERER'S LOI IN ACCORDANCE WITH OWNER'S P&I
  CLUB FORMAT AND WORDING BEFORE DISCHARGE, ON WHICH IS TO BE
  SIGNED BY CHARTERERS ONLY. but release/delivery cargo to be against original bs/l
  or receivers LOI or first bank's LOI with owrs P&I Club Format and wording.

- OWNERS/MASTER TO AUTHORIZE CHRT'S OR THEIR AGENTS TO SIGN/
  RELEASE ORIGINAL BS/L AT LOAD PORTS ON THEIR BEHALF AND SAME
  (BS/L) STRICTLY IN ACCORDANCE WITH MATE'S RECEIPT

- CHOPT TO DEDUCT FROM HIRE PAYMENTS, AUTHORIZED OWNERS EXPS
  MAY INCUR IN EACH L/D PORTS but max 500usd for each ports.

- WATCHMEN TO BE FOR ACCOUNT OF PARTY ORDERING FOR THE SAME

- ARBITRATION AT LONDON ENGLISH LAW TO APPLY

- TOTAL 2.50% ADDCOM HERE.

- SUB already lifted at 1140 beijing time on Oct 30, 2007.

- otherwise as per b/b cp with logical alteration only (see attachment head cp)

END

19/12/2007

tks for your nice cooperation.

B'rgds / Collin Wu

Vasteast Int'l Transportation Co.,Ltd
  As agent only for
CPM Corporation Limited.

Tel: +86-21-6859 8092
Fax: +86-21-6859 8652
Mob: +86 139 1858 5549
E-mail: collin@cpmhk.com (private), shipping@cpmbk.com (public)
MSN: collins_wu@hotmail.com

19/12/2007

# EXHIBIT 2

## CPM CORPORATION LIMITED

ADD: 25FLOOR, CHINA DEVELOPMENT BANK TOWER, NO.500 PUDONG(S) ROAD, SHANGHAI, CHINA.
TEL: 86 21 6859 8800 FAX: 86 21 6859 8661

HIRE STATEMENT & INVOICE       DATE: 2008-1-14

Vessel: Grand Ocean 1    C/P Date: 30-Oct-07    Charter B.T.I

| | CHARTERERS USD | OWNERS USD |
|---|---|---|
| DELIVERY: CLCSP Haiphong, Vietnam | | |
| REDELIVERY: | | |
| HIRE: FROM 12-Nov-07 1:48 TO 13-Dec-07 3:55 GMT | | |
| 31.08819 DAYS X USD 29,750.00 | | 924,573.78 |
| COMM: 2.50%  USD29750/day * 2.5%* (31.08819-0.975-2.756)/day | 20,339.48 | |
| CABLE / VICT: | | |
| 31.08819 DAYS @ USD 1500.00 PER MONTH PRO RATA | | 1,554.41 |
| ILOHC: | | |
| BUNKERS: | | |
| BUNKER ON DELIVERY: | | |
| IFO: 470.00 MT X USD 465.00 | | 218,550.00 |
| MGO: 98.00 MT X USD 720.00 | | 70,560.00 |
| BUNKER ON REDELIVERY: | | |
| IFO: 441.200 MT X USD 465.00 | 205,158.00 | |
| MGO: 113.600 MT X USD 720.00 | 81,792.00 | |
| ON HIRE BUNKER SURVEY  50/50 | | |
| OFF HIRE BUNKER SURVEY  50/50 | | |
| REMARKS: | | |
| 1.OFF HIRE DUE TO HATCH CLEANING: | | |
| FROM 12TH/NOV/2007 1224HOURS TO 13TH/NOV/2007 1200HOURS (GMT) TOTAL : 0.975000DAYS | 29,006.25 | |
| BUNKER: IFO 21.4500MTS & MGO 2.4375MTS | 11,729.25 | |
| 1.OFF HIRE DUE TO CRANE BROKEN: | 82,299.04 | |
| ACCORDING THE OFF HIRE CALCULATION 2.756DAYS | | |
| BUNKER: MGO 2.4375MTS | | |
| REMITTANCES: | | |
| 11/16/2007 | 449,977.92 | |
| 11/23/2007 | 245,352.92 | |
| 12/6/2007 | 5,475.00 | |
| Sub Totals | 1,131,129.86 | 1,215,538.19 |
| DUE TO OWNERS | | 84,408.33 |
| Grand Totals | | |

E.& O.E.

# EXHIBIT 3

Business Internet Banking                                        Page 1 of 1

Xact Ref  TT  YORKFTS0711150095300
We have credited your account 400-341038-838 (FCY) on 16-NOV-2007 with
the proceeds of a Telegraphic Transfer from BANK OF NEW YORK WALL STREET
NEW YORK NY 10015 U S A received on 15-NOV-2007 as follows

Remittance Amount                        USD**************449,985.00

Less:
    Commission           HKD****55.00

    Total Charge                         HKD***************55.00
              At ***7.773000000          USD*****************7.08

Amount Credited                          USD*************449,977.92

By Order Of  WORLD WIDE SHIPPING LTD

In Favour Of  LOMOYANNA GROUP LTD UNIT NO 11 9/F WAYSON COMM BLDG 28
              CONNAUGHT ROAD WEST HONG KONG

Payt Detail  1ST C/HIRE AND BOD OF MV GRAND OCEAN 1 CPD300CY'07-PART
             A/C:BULK TRADE INTL, BANGLADESH BNY CUST RRN -
             FTS0711150095300

Bk/Bk Info   /BNF/LESS FEES /ACC/FOR YR DES VOEUX ROAD CENTRAL //BRANCH
             G/F CHINA INSURANCE GROUP //BUILDING 141 DES VOEUX ROAD,
             //CENTRAL

Notes: Amount credited is subject to final settlement and any additional
charges will be debited to your account under advice to you.

Business Internet Banking                                                                 Page 1 of 1

```
Xact Ref  TT  YORKFTS0711229546500
We have credited your account 400-341038-838 (FCY) on 23-NOV-2007 with
the proceeds of a Telegraphic Transfer from BANK OF NEW YORK WALL STREET
NEW YORK NY 10015 U S A received on 23-NOV-2007 as follows

Remittance Amount                              USD**************245,360.00

Less:
  Commission              HKD****55.00

  Total Charge                                 HKD******************55.00
             At ***7.768500000                 USD*******************7.08

Amount Credited                                USD*************245,352.92

By Order Of  WORLD WIDE SHIPPING LTD

In Favour of LOMOYANNA GROUP LTD UNIT NO 11 9/F WAYSON COMM BLDG 28
             CONNAUGHT ROAD WEST HONG KONG

Payt Detail  BAL 1ST C/HIRE,EOD OF MV.GRAND OCEAN
             1,CPD:300CF'07(PART)A/C:BULK TRADE INTERNATIONAL, BANGLADESH
             BNY CUST RRN - FTS0711229546500

Bk/Bk Info   /BNF/LESS FEES /ACC/FOR YR DES VOEUX ROAD CENTRAL //BRANCH
             G/F CHINA INSURANCE GROUP //BUILDING 141 DES VOEUX ROAD,
             //CENTRAL

Notes: Amount credited is subject to final settlement and any additional
charges will be debited to your account under advice to you.
```

Business Internet Banking                                                        Page 1 of 1

Xact Ref  TT  HNY341401503
We have credited your account 400-341038-838 (FCY) on 08-DEC-2007 with
the proceeds of a Telegraphic Transfer from HSBC BANK USA NA HEAD OFFICE
NEW YORK NY U S A received on 08-DEC-2007 as follows

Remittance Amount                         USD****************5,460.00

Less:
  Commission           HKD****55.00

  Total Charge                            HKD******************55.00
                   At ***7.781500000      USD*******************7.07

Amount Credited                           USD**************5,452.93

By Order Of   WORLD WIDE SHIPPING LIMITED

In Favour of  LOMOYANNA GROUP LTD UNIT NO 11 9/F WAYSON COMM BLDG 28
              CONNAUGHT ROAD WEST HONG KONG

Payt Detail   ADVANCE C/HIRE OF MV GRAND OCEAN 1C PD:30 OCT 2007 BSS
              REDELIVERY05-12- 2007A/C: BULK TRADE INTL,BANGLADESH

Bk/Bk Info    /ACC/FOR YR DES VOEUX ROAD CENTRAL //BRANCH G/F CHINA
              INSURANCE GROUP //BUILDING 141 DES VOEUX ROAD, //CENTRAL
              /INS/F021000018 BANK OF NEW YORK

Notes: Amount credited is subject to final settlement and any additional
charges will be debited to your account under advice to you.

PDF created with pdfFactory Pro trial version www.pdffactory.com