UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CPM CORPORATION LTD,

               Plaintiff,              08 Civ.

- against -

                                       ECF CASE

BULK TRADE INTERNATIONAL and
WORLD WIDE SHIPPING LTD.

               Defendants.
------------------------------------------------------------X

## AFFIDAVIT IN SUPPORT OF PRAYER FOR MARITIME ATTACHMENT

State of Connecticut  )
                        )   ss:  Town of Southport
County of Fairfield   )

Charles E. Murphy, being duly sworn, deposes and says:

1.    I am a member of the Bar of this Court and represent the Plaintiff herein. I am familiar with the facts of this case and make this Affidavit in support of Plaintiff's prayer for the issuance of a Writ of Maritime Attachment and Garnishment, pursuant to Rule B of the Supplemental Admiralty Rules of the Federal Rules of Civil Procedure.

## DEFENDANTS ARE NOT PRESENT IN THE DISTRICT

2.    I have attempted to locate the Defendants, BULK TRADE INTERNATIONAL, and WORLD WIDE SHIPPING LTD. within this District. As part of my investigation to locate the Defendants within this District, I checked the telephone company information directory, as well as the white and yellow pages for New York listed on the Internet or World Wide Web, and did not find any listing for the Defendants. I also performed a Google search on the Internet. Finally, I checked the New York State Department of Corporations' online database which showed no listings or registration for the Defendants except as provided below.

3. There was, however, a listing with the New York State Department of Corporations' online database for the name WORLD WIDE SHIPPING, INC. which lists the Corporation Service Co. in Albany, New York as the registered agent for service. This entity is listed as a domestic business corporation in the County of New York with an initial DOS filing date of July 26, 2006. Attached as Exhibit One is a copy of the printout obtained from the New York State Department of Corporations' online database. Plaintiff believes that these are separate companies with similar names.

4. Assuming *arguendo* that the defendant World Wide Shipping Ltd is the same as World Wide Shipping Inc., which is listed with the New York State Department of Corporations, the corporate listing shows that it does not have an agent from service of process located within the District. Instead, the corporate listing shows that the agent for service is located in Albany within the Northern District.

5. A Rule B plaintiff is required to conduct a due diligence investigation to determine whether a defendant may be "found" in the district. Such investigation contemplates a two prong inquiry. First, is the defendant capable of being served in the District. The answer to that question, as set out above, is no. Second, does the defendant have a presence in the District sufficient to support the exercise of in personam jurisdiction. This second prong essentially asks whether the defendant is engaged in a systematic and continuous course of business in the District to warrant finding it has established a presence.

6. Based on the investigation carried out, there is nothing to indicate that World Wide Shipping Ltd. has any presence in the District. If it had an established a presence in the District one would expect to find listings with directory assistance and/or with an internet search.

We have not located the presence of any office, nor any telephone number, for any entity named World Wide Shipping in the District.

7. I submit based on the foregoing that the Defendants cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims.

8. Upon information and belief, the Defendants have, or will have during the pendency of this action, tangible and intangible property within this District and subject to the jurisdiction of this Court, held in the hands of in the hands of garnishees within this District, which are believed to be due and owing to the Defendants.

### PRAYER FOR RELIEF FOR ORDER ALLOWING SPECIAL PROCESS SERVER

9. Plaintiff seeks an Order pursuant to Rule 4(c) of the Federal Rules of Civil Procedure, for an Order appointing Patrick F. Lennon, Kevin J. Lennon, Charles E. Murphy, Nancy Peterson or any other partner, associate, paralegal or agent of Lennon, Murphy & Lennon, LLC, or any process server employed by Gotham Process Servers, be and is hereby appointed, in addition to the United States Marshal, to serve the Process of Maritime Attachment and Garnishment and/or the Verified Complaint, together with any interrogatories, upon the garnishee(s), together with any other garnishee(s) who (based upon information developed subsequent hereto by the Plaintiff) may hold assets of, for or on account of, the Defendants.

10. Plaintiff seeks to serve the prayed for Process of Maritime Attachment and Garnishment with all deliberate speed so that it may be fully protected against the potential of being unable to satisfy a judgment/award ultimately obtained by Plaintiff and entered against the Defendants.

11. To the extent that this application for an Order appointing a special process server

with respect to this attachment and garnishment does not involve a restraint of physical property, there is no need to require that the service be effected by the Marshal as it involves simple delivery of the Process of Maritime Attachment and Garnishment to the various garnishes to be identified in the writ.

### PRAYER FOR RELIEF TO SERVE LATER IDENTIFIED GARNISHEES

12.     Plaintiff also respectfully requests that the Court grant it leave to serve any additional garnishee(s) who may, upon information and belief obtained in the course of this litigation, to be holding, or believed to be holding, property of the Defendants, within this District. Obtaining leave of Court at this time to serve any later identified garnishees will allow for prompt service of the Process of Maritime Attachment and Garnishment without the need to present to the Court amended Process seeking simply to identify other garnishee(s).

### PRAYER FOR RELIEF TO DEEM SERVICE CONTINUOUS

13.     Further, in order to avoid the need to repetitively serve the garnishees/banks, Plaintiff respectfully seeks further leave of the Court, as set out in the accompanying Ex Parte Order for Process of Maritime Attachment, for any process that is served on a garnishee to be deemed effective and continuous service of process throughout any given day on which process is served through the next day, provided that process is served the next day, to authorize service of process via facsimile or e-mail following initial *in personam* service.


Dated: May 28, 2008
Southport, CT

_____
Charles E. Murphy

Sworn and subscribed to before me
This 28th day of May 2008.

_____
Notary Public



# EXHIBIT 1

# NYS Department of State

## Division of Corporations

Entity Information

Selected Entity Name: WORLD WIDE SHIPPING, INC.

Selected Entity Status Information

**Current Entity Name:** WORLD WIDE SHIPPING, INC.
**Initial DOS Filing Date:** JULY 26, 2006
**County:** NEW YORK
**Jurisdiction:** NEW YORK
**Entity Type:** DOMESTIC BUSINESS CORPORATION
**Current Entity Status:** ACTIVE

Selected Entity Address Information

**DOS Process (Address to which DOS will mail process if accepted on behalf of the entity)**
CORPORATION SERVICE COMPANY
80 STATE STREET
ALBANY, NEW YORK, 12207

**Registered Agent**
CORPORATION SERVICE COMPANY
80 STATE STREET
ALBANY, NEW YORK, 12207

NOTE: New York State does not issue organizational identification numbers.

Search Results      New Search

Division of Corporations, State Records and UCC Home Page   NYS Department of State Home Page